Opinion filed June 23,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00264-CR 

                                                    __________

 

                                 JAVIER
NAVARRETE, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR33894

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Javier Navarrete of the offense of indecency with a child and
assessed punishment at confinement for seventeen years and a fine of $10,000. 
We affirm.  

In
his sole issue on appeal, appellant contends that the evidence is legally and
factually insufficient to establish that he committed the offense of indecency
with a child.  We note at the outset of our
analysis that the Texas Court of Criminal Appeals has now held in Brooks v. State, 323 S.W.3d 893 (Tex. Crim. App.
2010), that there is “no meaningful
distinction between the Jackson v. Virginia[1]
legal-sufficiency standard and the Clewis[2] factual-sufficiency standard”; that the Jackson v.
Virginia standard is the “only standard that a reviewing court should apply
in determining whether the evidence is sufficient to support each element of a
criminal offense that the State is required to prove beyond a reasonable doubt”;
and that “[a]ll other cases to the contrary, including Clewis, are
overruled.”  Brooks, 323 S.W.3d at 895, 902, 912 (footnotes added).  Accordingly,
a challenge to the factual sufficiency of the evidence is no longer viable.  We
also note that appellant did not have the benefit of the opinion in Brooks when
this case was briefed.  We will review appellant’s factual sufficiency challenge
under the legal sufficiency standard set forth in Jackson v. Virginia.  Under
this standard, we must review all of the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443
U.S. 307; Brooks, 323 S.W.3d at 899.  

            Appellant
was indicted for the offense of aggravated sexual assault of a child for
penetrating the female sexual organ of the victim with his finger.  The jury
acquitted appellant of that offense but found that he was guilty of the lesser
included offense of indecency with a child for engaging in sexual contact with
the victim by touching her genitals.  See Tex. Penal Code Ann. § 21.11 (Vernon 2011).  Section
21.11(a)(1) provides that a person commits the offense of indecency with a
child if he engages in sexual contact with the child.  Sexual contact includes
any touching of any part of the genitals of a child – if done with the intent
to arouse or gratify the sexual desire of any person.  Section 21.11(c). 

            At
the time of the offense, the victim in this case was eight years old.  At
trial, the victim was twelve.  The victim testified that appellant, her
grandfather, used to live with the victim and the victim’s family.  When
appellant was there, he slept in the victim’s bed and the victim slept on a
pallet or on the couch.  The victim testified that she woke up one night and
was no longer on the couch but was lying in bed with appellant.  She woke up
because she “felt something in [her] private part.”  The victim testified that
appellant was touching her inside her private part under her clothes with his
hand.

            The
victim’s mother, who was the outcry witness, testified that she had caught
appellant masturbating near the victim while the victim was asleep.  The
victim’s mother also testified that she had found the victim in bed with
appellant when the victim was supposed to be sleeping on a pallet on the floor. 
The victim’s mother also related the outcry that was made to her by the victim. 
The mother testified that the victim had told her that appellant touched her
“cosita” under her underwear with his hand.  The victim and her mother
explained that “cosita” was the term that they used to refer to the female
private part.

Appellant
testified at trial and denied ever touching the victim inappropriately.  The jury,
as the trier of fact, was the sole judge of the credibility of the witnesses
and of the weight to be given to their testimony.  Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 2007), art.
38.04 (Vernon 1979).  As such, the jury was free to believe or disbelieve all
or any part of any witness’s testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  The jury was free to believe the testimony of the
victim and her mother and to disbelieve appellant’s testimony.  

After
reviewing all of the evidence presented at trial, we hold that a rational jury
could have found beyond a reasonable doubt that appellant engaged in sexual
contact with the victim.  Thus, the evidence is sufficient to support appellant’s
conviction for indecency with a child.  Appellant’s issue is overruled.  

The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

June 23, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[3]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[4]









[1]Jackson v. Virginia, 443 U.S. 307 (1979).

 





[2]Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996). 





[3]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[4]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.